UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MANZANO, JR., | Case No. 1:23-cv-00486-HBK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[2] |
| v. | |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| | (Doc. Nos. 14, 16) |
| Defendant. | |

Rogelio Manzano, Jr. ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 14, 16-17). For the reasons stated, the Court grants Plaintiff's motion for summary judgment, denies Defendant's motion for summary judgment, and orders this matter remanded to

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 10).

the Commissioner of Social Security for further administrative proceedings.

## I.  JURISDICTION

Plaintiff filed for supplemental security income on September 2, 2020, alleging an onset date of May 5, 2020.  (AR 190-99).  Benefits were denied initially (AR 53-68, 91-96), and upon reconsideration (AR 69-85, 100-06).  Plaintiff appeared telephonically before an Administrative Law Judge ("ALJ") on January 27, 2022.  (AR 29-52).  Plaintiff was represented by counsel and testified at the hearing.  (*Id*.).  On February 14, 2022, the ALJ issued an unfavorable decision (AR 12-28), and on January 24, 2023, the Appeals Council denied review (AR 1-6).  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.  BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 24 years old at the time of the hearing.  (AR 34).  He graduated high school and attempted to take vocational college courses.  (AR 34).  He lives with his mom and brothers.  (AR 36).  Plaintiff has no past relevant work history.  (AR 22, 46).  Plaintiff testified that he attempted to work for Amazon packing boxes but he had to quit because he was experiencing pain in his back, shoulders, fingers, and knees.  (AR 35).  He reported that he can stand for one hour maximum before he needs to sit down for a couple of hours, he cannot grip items for long periods of time, his fingers lock when typing or writing, and he can only grip or type for a few minutes at a time.  (AR 37-38).  Plaintiff testified that on a "good day" he can lift 15-20 pounds, but on a "bad day" he cannot hold a bowl of cereal; and he has bad days the "majority" of a typical month.  (AR 39).  He cannot sit for too long because his back hurts and his knees and toes "lock"; and he has difficulty with focus and concentration.  (AR 40-41).  Plaintiff reports there is no treatment for his joint pain aside from medication, and he tried physical therapy multiple times but it did not help.  (AR 40).

Plaintiff's mother also testified that he has more bad days than good days in a month, he is in constant pain, he has trouble concentrating and is easily distracted, and if he does one hour of

chores he is in pain for the rest of the day.  (AR 43-45).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial

gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.    ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 2, 2020, the application date. (AR 18). At step two, the ALJ found that Plaintiff has the following severe impairments: rheumatoid arthritis involving multiple sites, with positive rheumatoid factor; macrophage activation syndrome; obesity; and adult-onset Still's disease. (AR 18). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 18). The ALJ then found that Plaintiff has the RFC:

> to perform sedentary work as defined in 20 CFR 416.967(a) except he can stand or walk for 4 hours in an 8 hour workday; can occasionally climb ramps or stairs, stoop, kneel, balance, crouch, and crawl; never limb ladders, ropes, or scaffolds; must avoid concentrated exposure to hazards such as dangerous moving machinery, uneven terrain, and unprotected heights; and can frequently but not constantly use his hands bilaterally for handling and fingering.

(AR 19). At step four, the ALJ found that Plaintiff has no past relevant work. (AR 22). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there

are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: chart account clerk, document preparer, and order clerk. (AR 23). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since September 2, 2020, the date the application was filed. (AR 23-24).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. (Doc. No. 1). Plaintiff identifies these issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims; and
2. Whether the ALJ properly considered the lay witness evidence.

(Doc. No. 14 at 14-22).

## VII. DISCUSSION

### A. Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a

credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms have been determined to diminish the capacity for basic work activities only to the extent to which they can reasonably be accepted as consistent with the objective medical and other evidence of record and the [assessed RFC]." (AR 20). More specifically, the ALJ found Plaintiff's alleged symptom claims "are not sufficiently supported by the record as a whole in light of the objective medical findings, the medical history and degree of medical treatment required, and the claimant's activities of daily living." (*Id.*). Plaintiff argues the ALJ failed to provide specific, clear, and convincing reasons to reject his pain testimony. (Doc. No. 14 at 14-20). The Court agrees.

First, the ALJ found that Plaintiff's symptom claims are not supported by the "medical history and degree of treatment required." (AR 20). Notably, the parties did not agree as to whether this general finding was in reference to a conservative course of treatment (Doc. No. 14 at 17), or responsiveness to treatment (Doc. No. 16 at 8). *See Tommasetti*, 533 F.3d at 1040 (favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of "conservative treatment" may be sufficient to discount a claimant's testimony regarding the severity of an impairment). Similarly, even after the Court's review of summary of the medical evidence cited by Defendant, the Court is unclear as to what the "degree of medical treatment required" is intended to address, nor does the ALJ provide any specific evidence in the record to support that finding. Defendant is correct that Ninth Circuit does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." (Doc. No. 16 at 5-6 (citing *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th

Cir. 2020); *Smartt v. Kijakazi*, 53 F. 4th 489, 499 (9th Cir. 2022) ("The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince.")). However, "[a]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *Brown-Hunter*, 806 F.3d at 494 ("To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination."). Here, the ALJ's general finding that Plaintiff's symptom claims were not supported by Plaintiff's "medical history and degree of medical treatment required," without identification or explanation as to how the medical evidence or "degree of treatment" undermined his symptom claims, was not a clear and convincing reason, supported by substantial evidence, to reject his symptom claims.

Second, the ALJ generally found Plaintiff's allegations concerning his impairments are not supported by his activities of daily living. (AR 20). The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016; *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her [testimony] as to her overall disability."). Here, the only arguable support for the ALJ's finding is the ALJ's summary of Plaintiff's function report that he manages his personal

care independently, performs chores such as dishes, sweeping, and taking out the trash, goes to appointments, shops for clothes and personal hygiene products every 2-3 months, and manages his finances. (AR 20, 235-36). However, the ALJ did not consider Plaintiff's simultaneous report that the identified "chores" are limited to two or three times a week for 30 minutes at a time, the shopping is online and takes no longer than 30 minutes, and he goes outside "only for appointments." (*Id.*). The ALJ cited no evidence suggesting that the sporadic activities cited in the decision were performed by Plaintiff in a manner transferable to a work setting, particularly with regard to Plaintiff's alleged difficulty standing and walking, nor did the ALJ describe activities that contradict Plaintiff's reported symptom claims. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Furthermore, as above, in considering Plaintiff's symptom claims, the ALJ must specifically identify the statements he or she finds not to be credible, and the evidence that allegedly undermines those statements. *Holohan*, 246 F.3d at 1208; *Brown-Hunter v. Colvin*, 806 F.3d at 494. Here, the ALJ did not identify the specific testimony that she found not to be credible, nor did she offer explanations for how the cited evidence of Plaintiff's ability to perform basic activities of daily living for limited periods of time undermines Plaintiff's symptom claims. Thus, the ALJ's finding that Plaintiff's daily activities do not support his claimed limitations was not a clear and convincing reason, supported by substantial evidence, to discount his symptom claims, particularly as to his alleged limitations in standing, walking, and sitting.

Finally, the ALJ summarized treatment notes and clinical findings regarding Plaintiff's adult-onset Still's disease with macrophage activation syndrome and rheumatoid arthritis, including improvement with medication prior to the relevant adjudicatory period, and normal physical examination findings during the relevant period. (AR 20-21 (citing AR 310, 318-21, 370-73, 387-91, 424)). However, to the extent the ALJ relied on objective evidence and treatment notes as a reason to discount Plaintiff's right upper extremity symptom claims, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits *solely* because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857 (emphasis added); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). As discussed above, the

1  additional reasons given by the ALJ for discounting Plaintiff's symptom claims were not
2  supported by substantial evidence.  Thus, because lack of corroboration by the objective evidence
3  cannot stand alone as a basis for rejecting Plaintiff's symptom claims, the ALJ's finding is
4  inadequate.
5        The Court concludes that the ALJ did not provide clear and convincing reasons, supported
6  by substantial evidence, for rejecting Plaintiff's symptom claims.  On remand, the ALJ must
7  reconsider Plaintiff's symptom claims.

**B. Lay Witness Evidence**

Plaintiff's mother testified at the hearing and submitted a third party function report.  (AR 42-45, 225-32).  Plaintiff argues "the ALJ's silent disregard of Ms. Manzano's statements constitutes legal error."  (Doc. No. 14 at 21).  Defendant contends that the ALJ is not required to articulate how she considered evidence from nonmedical sources under the new regulations, and "any perceived error" would nonetheless be harmless because "Plaintiff's mother's testimony mirrored that of Plaintiff."  (Doc. No. 16 at 9).  It is well-settled in the Ninth Circuit that where the ALJ gives clear and convincing reasons to reject a claimant's testimony, and where a lay witness' testimony is similar to the claimant's subjective complaints, the reasons given to reject the claimant's testimony are also sufficient to reject the lay witness testimony." *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009); *Johnson v. Kijakazi*, 2022 WL 3998572, at *2 (9th Cir. 2022) (finding ALJ's failure to address lay witness testimony harmless where the lay witness statements were "largely duplicative" of plaintiff's testimony).  Here, however, any error was not harmless because, as discussed supra, the ALJ did not give clear and convincing reasons for discounting Plaintiff's symptom claims.  On remand, the ALJ should reconsider Plaintiff's symptom claims and conduct a new sequential analysis, including a reassessment of the lay witness statements, if necessary.

**C.  Remedy**

Plaintiff contends that the proper remedy in this case is a remand for further administrative proceedings.  (Doc. No. 14 at 22); *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further

administrative proceedings would serve a useful purpose). The Court agrees. Here, the ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate Plaintiff's symptom claims. The ALJ should also reconsider the remaining steps in the sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 14) is GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 16) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30) days.
5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated:   March 11, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

11